UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )     Criminal No. 05-10188-MLW
                                    )
RICHARD SHIPLEY,                    )
_____)

**GOVERNMENT'S TRIAL BRIEF**

I.   <u>FACTS</u>

The defendant Richard Shipley began employment as a letter carrier with the U.S. Postal Service ("USPS") in May of 1993. On January 14, 2004, Shipley filed a Department of Labor ("DOL") Office of Worker's Compensation Programs ("OWCP") Form CA-1 (Federal Employees Notice of Traumatic Injury and Claim for Continuation of Pay), claiming that he suffered an injury to his back on January 6, 2004, while performing his official duties. Because Shipley claimed that his injury rendered him unable to work, he was placed on leave without pay.

Shipley subsequently filed several OWCP Forms CA-7 (Claim for Compensation), seeking worker's compensation for his lost wages. On those forms, Shipley declared that he had not worked outside his federal job during the period for which he was seeking compensation. In June, 2004, Shipley filed an OWCP CA-1032 form, seeking continued worker's compensation. On that form, Shipley declared that he did not work for any employer during the past 15 months and that he was not self-employed or involved in any business enterprise during that period.

In an effort to determine the veracity of Shipley's claimed injury, the USPS placed Shipley under surveillance. From January through August 2004, surveillance agents observed Shipley engaging in various physical activities, including walking, driving, lifting his young daughter in and out of his car, making repeated trips to a real estate office, and more. Upon learning that

Shipley was working at the real estate office, undercover agents, posing as prospective home buyers, contacted Shipley at the real estate office and received return calls, follow-up emails, and listing information from Shipley. Shipley also took the undercover agents to properties that were on the market and spoke with the agents about other properties he had sold in recent months.

This investigation revealed that Shipley became a sales associate at RE/MAX Real Estate Specialists, Malden, MA in September 2003. Business records maintained by the Multiple Listing Service ("MLS") Property Information Network show that Shipley first subscribed to the service on September 9, 2003 and that Shipley maintained his subscription throughout 2004. MLS records show Shipley as the listing agent for multiple properties as of March 2004. REMAX business records show Shipley selling residential property in April, June, July and November, 2004 and sales commissions being paid to him in each of those months.

II.. ELEMENTS

    A.    Mail Fraud

Under 18 U.S.C. § 1341, "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing . . . or takes or receives therefrom, any such matter or thing" commits the crime of mail fraud.

The elements of mail fraud are:

1) a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

2) the scheme involves a false statement, representation or concealment about material facts;

    3)       defendant's knowing and willful participation in the scheme with the intent to defraud or obtain money by false or fraudulent pretenses; and

    4)       use of the U.S. Postal Service in furtherance of the scheme.

See First Circuit Pattern Jury Instructions (West 1998): Criminal Instruction 4.12; Neder v. United States, 527 U.S. 1, 25 (1999); United States v. Kenrick, 221 F.3d 19, 32 (1st Cir. 2000).

    A scheme includes any plan, pattern or course of action. The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person. First Circuit Pattern Jury Instructions (West 1998): Criminal No. 4.12.

    The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts. Id.

    A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decision maker to whom it was addressed. Id.

    Defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident. Id.

    An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the

law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Id.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself. Id.

To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen. Id.

In the present case, Shipley's scheme was to defraud the United States and obtain money, in the form of worker's compensation payments, by falsely representing that he had not worked outside his job at the USPS and concealing the fact that he was working as a licensed real estate agent during the time periods for which he claimed worker's compensation. Shipley's outside employment was material to the determination of his worker's compensation claim because any income Shipley made during the time period for which he claimed worker's compensation would be factored into the calculation of the payment to which he was entitled under worker's compensation. Moreover, an individual's ability to work - even to do volunteer work - during the period for which they are claiming worker's compensation could give rise to questions about the veracity and extent of their claimed injury. Shipley acted knowingly and willfully when he denied on his CA-7 and CA-1032 forms that he had worked outside the Postal Service during the period for which he claimed compensation. The question about those forms about outside employment are clear and unambiguous. Shipley completed the forms and signed them. In one instance, Shipley failed to answer one of the questions about outside employment and, after the form was returned to him, he answered "no" to that question and returned the form to the DOL for proscessing. Shipley signed each of those forms certifying that the information provided on each

form was true and accurate and with the express understanding that a knowing false statement could result in criminal prosecution.

Finally, the mails were used in furtherance of Shipley's scheme to defraud in that his worker's compensation checks were mailed to him at his residence.

B. False Statements

Under 18 U.S.C. § 1001, "whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully --

(1) falsifies, conceals or covers up by any trick, scheme or device a material fact;

(2) makes any materially false, fictitious or fraudulent statement or representation;

(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry"

commits the crime of making false statements to a federal agency.

The elements of a false statements charge are:

1) the defendant knowingly made a material false statement;

2) the defendant made the statement voluntarily and intentionally; and

3) the defendant made the statement on a federal form known as an "OWCP CA-7" form or an "OWCP CA-1032" form.

See First Circuit Pattern Jury Instructions (West 1998): Criminal Instruction 4.08.

A false statement is made "knowingly" if the defendant knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth. Id.

A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decision maker to which it was addressed. Id.

A statement is "false" if it was untrue when made.  Id.

On his CA-7 forms, Shipley stated that he had not worked outside his federal job during the period for which he was claiming worker's compensation.  On his CA-1032, he stated that he had not worked for any employer, been self-employed or been involved in any business enterprise during the past 15 months.  Contrary to these statements, the evidence shows that Shipley was, in fact, working as a real estate agent during the applicable period of time.

III.    WITNESSES

The government intends to present the testimony of the following witnesses in its case-in-chief:

1)    John Osborne is a U.S. Postal Inspector who is expected to testify concerning the investigation into Shipley's disability claim which led to the information that Shipley was employed as a real estate agent.  He is also expected to testify concerning his undercover interactions with Shipley in his capacity as a real estate agent.

2)    Sandra Willoughby (formerly Sandra Ciriello) is a former DOL Investigative Analyst who is expected to testify concerning her undercover interactions with Shipley as a real estate agent.

3)    Thomas Stifter is a manager at RE/MAX Real Estate Specialists who is expected to testify concerning Shipley's engagement as a real estate agent affiliated with RE/MAX during the time that Shipley was on disability.

4)    Carol Adams is a DOL OWCP Division of Federal Employees' Compensation District Director who is expected to testify concerning Shipley's disability claim and his collection of benefits.

IV.     EXHIBITS

The government intends to introduce CA-7 and CA-1032 forms in which Shipley denied that he had any outside employment or business activities while on disability. The government also intends to introduce CA-7 and CA-1032 forms of Shipley pertaining to prior disability claims as well as CA-7 and CA-1032 forms of Shipley's girlfriend/wife, who is also employed by the USPS. These records will be introduced in order to establish Shipley's familiarity with the CA-7 and CA-1032 forms.[1] Records relating to Shipley's girlfriend/wife are being introduced because Shipley's counsel has indicated Shipley's girlfriend/wife filled out some of the forms which Shipley signed.

The government will introduce worker's compensation checks sent to Shipley through the U.S. mails. The government will also introduce video and audio recordings of Shipley's activities while on disability, including his activities as a real estate agent. In addition, the government will introduce records from RE/MAX and MLS and email communications relating to Shipley's work as a real estate agent.

V.      STIPULATIONS

The government and the defendant have stipulated that Richard Shipley reviewed and signed the five federal forms which are the subject of Counts Fourteen through Eighteen of the Indictment in this case: the CA-7 form certified on March 18, 2004; the CA-7 form certified on March 23, 2004; the CA-7 form certified on April 5, 2004; the CA-7 form certified on April 23, 2004; and the CA-1032 form certified on June 22, 2004.

---

[1] While the government takes the position that these documents are admissible without resort to Fed. R. Evid. 404(b), the government nonetheless has given notice to the defendant that it plans on introducing these documents on the ground that they demonstrate intent, knowledge and absence of mistake or accident. See United States v. Tavares, 427 F.3d 122, 125 (1st Cir. 2005).

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>/s/ Sabita Singh
>By: _____
>BRIAN T. KELLY
>SABITA SINGH
>Assistant United States Attorneys

Dated: January 31, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 31, 2006.

>/s/ Sabita Singh
>_____
>Sabita Singh