UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. NO. 05-10188-MLW |
| | ) |
| RICHARD SHIPLEY, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S SECOND SUBMISSION OF FINAL REVISED INDICTMENT**

Pursuant to the Court's oral instructions at yesterday's hearing, and with the assent of defense counsel, attached is a final revised indictment which reflects the dismissal of two of the original counts. The revised version submitted yesterday on February 16, 2006 should be discarded - it has a numbering error pertaining to the counts on page six (it erroneously skips Count 13 and erroneously goes to Count 17).

The final revised version submitted today reflects that there are now only sixteen counts in the case. Government counsel apologizes for this error.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: February 17, 2006     By: /s/ Brian T. Kelly
                             BRIAN T. KELLY
                             SABITA SINGH
                             Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I, Brian T. Kelly, Assistant United States Attorney, do hereby certify that this document, filed through the ECF (Electronic Case Filing) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be faxed to defense counsel as well.

Dated: February 17, 2006        By:/s/ Brian T. Kelly
                                    BRIAN T. KELLY
                                    SABITA SINGH
                                    Assistant U.S. Attorneys

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 05-10188-MLW |
| | ) | |
| | ) | |
| V. | ) | VIOLATIONS: |
| RICHARD SHIPLEY | ) | 18 U.S.C. §1341 (Mail Fraud) |
| | ) | 18 U.S.C. §1001 (False Statements) |

**FINAL REVISED INDICTMENT**

The Grand Jury charges:

**COUNTS ONE THROUGH TWELVE**
**Mail Fraud**
**[18 U.S.C. §1341]**

At all times relevant to this indictment:

**General Allegations**

1. The defendant, RICHARD SHIPLEY, a resident of Malden, Massachusetts, was employed by the U.S. Postal Service as a Letter Carrier at the Brookline Post Office, in Brookline, Massachusetts.

2. In or about March, 2004, defendant SHIPLEY applied for and began receiving compensation for total disability under the Federal Employees Compensation Act ("FECA") at the rate of 75% of his full-time pay at the U.S. Postal Service.

3. FECA provides compensation, medical benefits and rehabilitation services to federal employees, including employees of the U.S. Postal Service, who are injured in the course of their employment with the federal government and who are unable

1

to return to the position held at the time of injury or to perform other gainful employment due to the work-related injury.

4. Compensation for total disability is payable at the rate of 75% of the employee's pay rate if the employee has at least one dependent, which may include a spouse. Compensation provided to an employee under FECA is exempt from federal and state taxes.

5. FECA is administered for postal employees by the U.S. Department of Labor, Office of Workers' Compensation Program ("OWCP"). OWCP's stated goal is to return each disabled employee to suitable work as soon as he or she is medically able. OWCP will not terminate or reduce compensation and benefits for a total disability unless, among other things, the disability for which compensation was paid has ceased, the employee is only partially disabled, or the employee has returned to work. An employee who is receiving compensation for total disability is required to advise OWCP immediately of any return to work, either part-time or full-time.

6. OWCP periodically requires each employee who is making a claim for compensation for total disability to report all work which the employee has performed outside the employee's federal job and any kind of payment received for such work. Both forms on which the employee is required to report such information, U.S. Department of Labor Form CA-7 and Form CA-1032, make clear that a false or evasive statement, omission, concealment, or

misrepresentation with respect to employment activity or earnings in a report, or any other act of fraud to obtain compensation, may subject an employee to criminal prosecution.

### The Scheme

7.  Beginning in or about March 2004, and continuing through January 2005, in the District of Massachusetts and elsewhere, defendant RICHARD SHIPLEY knowingly devised and intended to devise a scheme and artifice to defraud the United States, and for obtaining money and property by means of false and fraudulent pretenses and representations.

### The Purpose of the Scheme

8.  The purpose of the scheme was for defendant SHIPLEY to be able to receive tax-exempt monthly disability compensation from the United States pursuant to FECA by claiming a total disability and not having to work for the U.S. Postal Service, and to hide and conceal from the U.S. Department of Labor the fact that he worked for, and received compensation from, a real estate sales company while receiving disability compensation.

### Manner and Means of the Scheme

9.  It was part of the scheme and artifice that defendant SHIPLEY applied for, and did in fact receive, compensation for total disability under FECA.

10. It was part of the scheme and artifice that, notwithstanding the fact that defendant SHIPLEY was receiving

compensation for total disability, defendant SHIPLEY was capable of working, and did in fact work on a regular basis at RE/MAX Real Estate Specialists in Malden, Massachusetts.

  11. It was part of the scheme and artifice that defendant SHIPLEY received payment for his work at RE/MAX Real Estate Specialists through sales commissions and other compensation.

  12. It was part of the scheme and artifice that defendant SHIPLEY falsified, concealed, omitted, and covered up on OWCP Forms CA-7 which he certified on March 18, 2004, March 23, 2004, April 5, 2004, and April 23, 2004 the fact that he worked at RE/MAX Real Estate Specialists notwithstanding the fact that Form CA-7 expressly required defendant SHIPLEY to report whether he had worked outside his federal job – including salaried, commission, and volunteer work as well as self-employment – during the period for which he claimed compensation.

  13. It was also part of the scheme and artifice that defendant SHIPLEY falsified, concealed, omitted, and covered up on OWCP Form CA-1032 which he certified on June 22, 2004 the fact that he worked for RE/MAX Real Estate Specialists and that he received payment for that work, notwithstanding the fact that Form CA-1032 expressly required defendant SHIPLEY to report all employment for which he received a payment of any kind, including sales commissions, as well as all involvement in any business enterprise, in the 15 months preceding the date of certification.

**The Mailings**

14.  On or about the following dates, in the District of Massachusetts, the defendant RICHARD SHIPLEY, for the purpose of executing and attempting to execute the scheme and artifice to defraud set forth above, did knowingly cause to be placed in an authorized depository for mail matter, and did knowingly cause to be delivered by mail, envelopes addressed to Richard Shipley, 13 Springdale Street, Malden, MA, which envelopes contained the following disability checks payable to Richard Shipley:

| Count | Date | Check Amount | Period Covered |
| --- | --- | --- | --- |
| 1 | 04/16/2004 | $ 2,409.58 | 02/21/2004 to 03/19/2004 |
| 2 | 04/23/2004 | $ 1,835.39 | 03/20/2004 to 04/09/2004 |
| 3 | 05/07/2004 | $   647.57 | 04/10/2004 to 04/17/2004 |
| 4 | 05/15/2004 | $ 2,409.58 | 04/18/2004 to 05/15/2004 |
| 5 | 06/12/2004 | $ 2,409.58 | 05/16/2004 to 06/12/2004 |
| 6 | 07/10/2004 | $ 2,409.58 | 06/13/2004 to 07/10/2004 |
| 7 | 08/07/2004 | $ 2,409.58 | 07/11/2004 to 08/07/2004 |
| 8 | 09/04/2004 | $ 2,409.58 | 08/08/2004 to 09/04/2004 |
| 9 | 10/02/2004 | $ 2,409.58 | 09/05/2004 to 10/02/2004 |
| 10 | 10/30/2004 | $ 2,409.58 | 10/03/2004 to 10/30/2004 |
| 11 | 11/27/2004 | $ 2,409.58 | 10/31/2004 to 11/27/2004 |
| 12 | 12/22/2004 | $ 2,409.58 | 11/28/2004 to 12/25/2004 |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS THIRTEEN THROUGH SIXTEEN
### False Statement to Agency Of the United States
### (18 U.S.C. §1001)

15.  The allegations contained in paragraphs 1 to 13, above, are hereby realleged and incorporated as though fully set forth herein.

16.  On or about the dates set forth below, in the District of Massachusetts, the defendant, RICHARD SHIPLEY, in a matter within the jurisdiction of the executive branch of the government of the United States, knowingly and willfully falsified, concealed and covered up a material fact that is, the defendant, RICHARD SHIPLEY, knowingly and willfully falsified, concealed and covered up on the OWCP Forms set forth below the fact that he worked at RE/MAX Real Estate Specialists in Malden, Massachusetts:

| Count | Date Certified | OWCP Form |
|---|---|---|
| 13 | March 18, 2004 | CA-7 |
| 14 | March 23, 2004 | CA-7 |
| 15 | April 23, 2004 | CA-7 |

| Count | Date Certified | Date Received by Department of Labor | OWCP Form |
|---|---|---|---|
| 16 | June 22, 2004 | August 18, 2004 | CA-1032 |

All in violation of Title 18, United States Code, Section 1001.

6

**A TRUE BILL**

```
                              _____
                              FOREPERSON OF THE GRAND JURY
```

```
_____
ASSISTANT U.S. ATTORNEY
```

    DISTRICT OF MASSACHUSETTS: July ___, 2005, at _____.

    Returned into the District Court by the Grand Jurors and filed.

                                        DEPUTY CLERK