UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>RICHARD SHIPLEY,   )<br>)<br>Defendant.   ) | Criminal No. 05-cr-10188-MLW |

## GOVERNMENT'S MOTION TO EXCLUDE ADDITIONAL DEFENSE EXHIBITS

On the first day of trial, the government was apprised of the defendant's intention to introduce eight additional exhibits as evidence at trial (defense exhibits 3 through 10).

The government does not object to defendant's proposed exhibits 3 through 5.

The government does objects to defendant's proposed exhibits 6 through 10 on the basis that they are not relevant to the issues to be tried.  Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible").

The defendant is charged with mail fraud and false statements arising out of his submission of forms to the Office of Workers Compensation Programs which indicated that he was not working outside of his federal job while he was collecting workers compensation in 2004.  The government will present evidence that the defendant was, in fact, working outside of his federal job while he was collecting workers compensation in 2004.  Defendant's proposed exhibits 6 through 10 all relate to defendant's medical condition in 2005.  Yet, the defendant's medical condition in 2005 has no tendency to prove or disprove whether the defendant was working outside of his federal employment in 2004 and therefore whether he was lying to the Office of Workers Compensation Programs when he certified that he was not working outside of

1

his federal job in 2004.  See Fed. R. Evid. 401  ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.")

Similarly, the defendant's theory that he wanted to come back to his postal job in 2005 but that the government prevented him from doing so, has no bearing on whether the defendant was working outside of his federal job in 2004 and therefore whether he lied on federal forms when he stated that he was not working outside of his federal job in 2004.  In other words, even if the jury were to credit the defendant's theory – that the government somehow prevented him from returning to work – it would have no bearing on the question of whether he lied on federal forms when he said he wasn't working outside of his federal job in 2004.

For the foregoing reasons, the government moves to exclude defense exhibits 6 through 10 from being admitted as evidence at trial.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Sabita Singh
       BRIAN T. KELLY
       SABITA SINGH
       Assistant U.S. Attorneys

**LOCAL RULE 7.1 COMPLIANCE**

      I hereby certify that the government conferred with defense counsel in this case on February 21, 2006, and that we attempted in good faith to resolve or narrow the issues.

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 21, 2006.

      /s/ Sabita Singh
      SABITA SINGH